## WILLIAMS, Admr, Etc v CONSTANCE et.

Ohio Appeals, 5th Dist, Richland Co

No 445. Decided Sept 20, 1934

Van C. Cook, Mansfield, James Reed, Mansfield, for Ralph E. Smith and Susan Smith.

William McE. Weldon, Mansfield, and Henry P. Huston, Mansfield, for Farmers Savings & Trust Company.

**OPINION**

By LEMERT, J.

Upon such state of facts, this does not constitute a defense for the vendee under such circumstances. This being true, we are of the opinion that this case comes within the findings of this court in the case of **Beck v Eder** decided at the September term, 1933, to be found in Ohio Bar Magazine, February 19, 1934, and cited as 46 **Oh Ap, 323.**

In carefully construing the third amended answer in the instant case, we are of the opinion that its allegations and aver-ments bring it within the Beck v Eder case. The original petition in this case shows that it was filed by the administrator of the original owner asking that the interest of the original owner, Jennie Balliett, be sold to pay debts, and that the interest of the purchasers of any portion of the real estate, including Ralph Smith, be protected.

We note that Smith does not allege that he has ever been ousted from the premises he agreed to purchase but he says only that he offered to surrender the premises to the vendor on December 1st, 1932, without alleging that the offer was accepted.

In the amended answer and cross petition of the Lumbermens Mutual Insurance Company, filed in January, 1934, in which that company amended its prayer and simply asked that if the premises were sold that they be sold free and clear of all liens, and that the proceeds be applied to the payments of its claim as a first lien thereon so that when the third amended answer of Smith was filed, the threat of foreclosure upon the mortgagee did not exist and the threat of the mortgagor to foreclose on this property had resulted in dispossessing Smith.

We are clearly of the opinion that there were no grounds in law or in equity for Smith to throw up his contract to buy the property and sue the vendor for the return of the money he had paid on the purchase contract.

We are of the opinion that the demurrer in this case should be sustained because the pertinent facts stated in the so-called third amended answer of Smith do not justify his cancellation of the land contract, nor the recovery of all the money paid on the contract, and secondly, because upon the facts alleged, the court could not give Smith a judgment against the Farmers Savings and Trust Company except in its capacity as trustee under the contract entered into. Demurrer sustained.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.